IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Michael Christopher Jensen, | No. CV-13-0136-PHX-ROS (DKD) |
|---|---|
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR U.S. DISTRICT JUDGE:

Michael Christopher Jensen filed an amended petition for writ of habeas corpus in this Court challenging his convictions and sentences. He argues that he received ineffective assistance of trial counsel and that the trial court should have granted his request for an evidentiary hearing on his claims. Respondents argue that some of his claims are unexhausted and procedurally defaulted and that his other claims fail on the merits. As described below, the Court recommends that his Petition be denied and dismissed with prejudice.

**Background**

In August 2004, Jensen was indicted in Maricopa County Superior Court on the following charges: for Victim M., one count of sexual conduct with a minor under the age of 15, a dangerous crime against children; for Victim K., one count of public sexual indecency to a minor and two counts of molestation of a child, both dangerous crimes against children; and six counts of sexual exploitation of a minor, dangerous crimes

against children, for six images of child pornography found on his computer.  (Doc. 20, Ex. B; Doc. 20-1 at 95[1])

During his January 2006 trial, the jury heard testimony from Jensen, his ex-wife, his mother, Victim M., Victim K., a pediatrician, a forensic nurse examiner, detectives from the Scottsdale and Mesa police departments, and a detective from the Maricopa County Attorney's Office.  (Doc. 20, Ex. A; Doc. 20-1 at 27-46; Doc. 21, Ex. U at 1; Doc. 21, Exs. W, X, Y, Z, BB)  At the conclusion of the State's case, Jensen's attorney successfully moved for a directed verdict on three of the sexual exploitation counts.  At the conclusion of the trial, the jury found him guilty of all of the remaining counts.  (Doc. 20, Ex. A; Doc. 20-1 at 37, 44-46; Doc. 21, Ex. Z at 161)

In April 2006, the Court sentenced Jensen to concurrent, presumptive terms of 17 years for the two counts of molestation of Victim K., followed by a presumptive term of 1.5 years for the count of public sexual indecency with Victim K., followed by consecutive, mitigated terms of 10 years for each of the three sexual exploitation counts, followed by a presumptive term of 35 years before being eligible for parole for Victim M. (Doc. 20, Ex. A; Doc. 20-1 at 49-53; Doc. 20, Ex. EE at 16, 18)

On direct appeal, Jensen argued that his sexual exploitation convictions for the three images should be overturned because there was insufficient evidence to establish that he had downloaded the images, that he was the one to use the computer to view the images, and that the third image was stored on his computer during the dates on the indictment.  *State v. Jensen*, 173 P.3d 1046 (Ariz. App. 2008).  The Court of Appeals disagreed and affirmed his convictions and sentences for these three counts.  Specifically, the Court of Appeals concluded that his intentional searches for the images was sufficient under the statute, that there was sufficient evidence for the jury to have concluded that Jensen was responsible for the images on the computer, and that the evidence was

---

[1] The Court notes that the exhibits provided by the Respondents are not easily navigable and, therefore, this Report and Recommendation will include secondary cites to the electronic exhibits.

sufficient for the jury to conclude that the three images had been viewed and saved on his computer during the date range in the indictment.  *Id.* at 1053.

Jensen, through counsel, petitioned the Arizona Supreme Court for review.  (Doc. 23, Ex. F)  After the State filed its opposition, the Supreme Court denied his petition. (Doc. 23, Exs. D, E)

Rule 32 Proceedings.  On January 21, 2009, Jensen, through counsel, petitioned for post-conviction relief in Maricopa County Superior Court arguing that he received ineffective assistance of counsel and separately moved for an evidentiary hearing and an order releasing the computer hard drive at issue for examination by an expert.  (Doc. 21, Exs. P, Q, R)  After the State responded, the Court dismissed his petition, stating that no purpose would be served by any further proceedings "given the absence of relevant evidence to support the petitioner's arguments, and the obvious conclusions reached by the jury based upon the evidence presented at trial, including the testimony of the defendant and his mother."  (Doc. 21, Ex. N)  Jensen's motion for reconsideration was denied.  (Doc. 21, Ex. M)

Jensen, through counsel, petitioned the Arizona Court of Appeals to review the Superior Court's denial of post-conviction relief.  (Doc. 21, Ex. L)  In his petition for review, he reiterates the same factual grounds that he raised in his Superior Court petition and argues that the trial court committed legal error by dismissing his Rule 32 proceedings without an evidentiary hearing.  (*Id.*)  After the State responded, the Court of Appeals denied review.  (Doc. 23, Exs. J, K)  Jensen filed a *pro per* petition for review in the Arizona Supreme Court which was denied on December 12, 2012.  (Doc. 21, Exs. H, I)

Habeas Corpus.  On January 22, 2013, Jensen filed a petition for writ of habeas corpus in this court.  (Doc. 1)  Less than a month later, he filed an amended petition. (Doc. 8)  His amended petition argues that the Superior Court should have granted him an evidentiary hearing and raises a litany of ways in which he received ineffective assistance

of trial counsel.   Respondents argue that some of his claims are unexhausted and procedurally defaulted and that his exhausted claims fail on the merits.  (Doc. 23)

**Legal Standard**

Exhaustion of Remedies.   A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus.   28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory.  *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default.   A claim can also be subject to an express or implied procedural bar.  *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010).  An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed*, 489 U.S. 255, 260 (1989).  *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule).  *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner.  *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice.  28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

**Jensen is Not Entitled to Relief.**

Post-Conviction Hearing.  Jensen's first argument is that the Superior Court violated his due process and equal protection rights by ruling on his petition for post-conviction relief without first holding a hearing.  (Doc. 8 at 6)  In other words, Jensen is seeking habeas relief based on a state court's procedural decision.  The Court cannot entertain this request because the Ninth Circuit "has specifically stated that federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings."  *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998).

Ineffective Assistance of Counsel.  The remainder of Jensen's claims allege various ways in which he received ineffective assistance of counsel.  However, Jensen did not exhaust any of these claims and an implied procedural bar now exists to prevent him from doing so.  Accordingly, the Court cannot consider them.

To meet the exhaustion requirement, Jensen needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claims and the federal basis of those claims.  Here, Jensen provided the same underlying facts to the Superior Court and the Court of Appeals.  But he provided different legal arguments to the two courts: in Superior Court, he argued that he received ineffective assistance of counsel but on appeal he only argued that the Superior Court should have held an evidentiary hearing.  (*Compare* Doc. 21, Ex. L at 14 with Ex. Q at 14)  In other words, he did not fairly present his ineffective assistance of counsel claims to the Arizona Court of Appeals.  *Swoopes*, 196 F.3d at 1010 ("claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them").  Accordingly, these claims were not exhausted.

In addition, Jensen's ineffective assistance claims are now subject to an implied procedural bar because his claims were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Jensen does not structure his arguments in terms of cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. However, even if he had, his ineffective assistance of trial counsel claims would not rise to this level.

Jensen's allegations fall into two broad categories involving his trial counsel's preparation for trial and his performance at trial. With one exception, detailed below, Jensen's claims involve decisions that his trial counsel, Elmer Parker, had the authority to manage without obtaining Jensen's approval. *Taylor v. Illinois*, 484 U.S. 400, 418 (1988) ("the lawyer has—and must have—full authority to manage the conduct of the trial").

First, Jensen argues that Parker did not sufficiently prepare for trial because Parker was too busy to focus on his case, did not communicate sufficiently with him, conducted an inadequate pre-trial investigation by not exhausting Jensen's list of potential witnesses, and did not file various pre-trial motions. These arguments do not establish that Parker was ineffective. Some of these claims are facially inaccurate: Parker requested and received extensions for Jensen's trial so that he could adequately prepare, and he directed an investigator to interview several of Jensen's proposed witnesses. (Doc. 8, Exs. G, H) Some of these claims are insufficiently developed: Jensen does not explain why Parker should have moved to sever or remand to the grand jury, how the failure to do so was prejudicial, or what beneficial testimony the additional witnesses would have provided. *See Hendricks v. Calderon*, 70 F.3d 1032, 1042 (9th Cir. 1995) (habeas petitioner alleging ineffective assistance needs to provide "an account of what beneficial evidence investigation into any of these issues would have turned up"). And, finally, some of these claims do not rise to the level of a constitutional violation: there is no right to endless communication with your defense attorney. *Florida v. Nixon*, 543

U.S. 175, 187 (2004) ("An attorney undoubtedly has a duty to consult with the client regarding important decisions, including questions of overarching defense strategy. That obligation does not require counsel to obtain the defendant's consent to every tactical decision.").

Next, Jensen raises arguments about Parker's performance at trial.  First, Jensen objects to an allegedly insufficient cross-examination of his former wife, Parker's failure to subpoena all of the witnesses Jensen had requested, and Parker's failure to call separate medical and computer experts.

Jensen has failed to state a claim about Parker's cross examinations or the failure to have the full panoply of witnesses he requested because these "allegations amount to nothing more than a difference of opinion with respect to trial tactics. That alone generally does not constitute a denial of effective assistance of counsel." *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir.1981).  Parker cross-examined all of the state witnesses and successfully moved for a directed verdict on three of the counts.  (Doc. 21-1, Ex. X at 13-29, 47-62; Doc. 21-2, Ex. Y at 7-51, 99-130, Ex. Z at 2-10; 53-72, 80-82, 104-13, 155-16, 132-36, 147-48, 152-61)

Jensen's next argument is that Parker failed to establish an alibi defense by using readily available evidence like phone records, bank statements, travel documents, tax returns, employer information, school records, and friendly affidavits.  (Doc. 8 at 9-22)  Jensen argues that Parker could have–and should have–shown that Jensen was not in Arizona during the dates in the indictment.  Jensen implies that, if Parker had done this, Jensen would not have been convicted.  This argument fails.

First, Parker did raise these arguments at trial and during sentencing; that they were not persuasive is not evidence of his ineffective assistance.  (Doc. 20, Ex. CC at 46-48, 50, 56; Ex. EE at 9-10)  Jensen was indicted and convicted for crimes without a statute of limitations and so the precise dates were not necessary to establish jurisdiction.  Ariz. Rev. Stat. § 13-107(A).  Finally, under Arizona law, "[a]n error as to the date of the offense alleged in the indictment does not change the nature of the offense, and therefore

may be remedied by amendment.  When the amendment results in no change in the underlying offense or actual prejudice to the defendant, the indictment is automatically deemed amended to conform to the evidence adduced at trial." *State v. Jones*, 937 P.2d 1182, 1192 (Ariz. App. 1996), *abrogated on other grounds by State v. Ferrero*, 274 P.3d 509 (2012) (internal citations omitted).  Accordingly, Jensen's whereabouts on specific dates was not relevant to his convictions for the assaults of Victim M. and Victim K. Moreover, the Court of Appeals found that there was sufficient evidence for the jury to find that Jensen received the images during the time period alleged in the indictment. *Jensen*, 173 P.3d at 1053.

Post-trial subpoenas.  The Court notes that several subpoenas duces tecum were issued for Jensen's former employers between the conclusion of the trial and sentencing. (Doc 8, Ex. C; Doc. 21, Ex. L at 11).  It does not appear that these documents were part of a pre-sentencing mitigation investigation and there seems to be no valid explanation or justification for what appears, on its face, to be counsel's failure to obtain evidence in time for trial.  However, the subpoenaed documents all relate to Jensen's work history and it appears that none of this information was helpful to Jensen's defense.  (Doc. 8, Exs. D, E, F)  As noted above, the exact dates that Jensen assaulted M. and K. are not relevant, and there is nothing in the subpoenaed documents that would change the Court of Appeals' conclusion that "the evidence was sufficient to permit the jury to conclude that Jensen was responsible for the images on the hard drive."  *Jensen*, 173 P.3d at 1053. Accordingly, trial counsel's failure to timely subpoena Jensen's former employers appears to be harmless error.

Because Jensen does not present any theory that could establish cause and prejudice, or a miscarriage of justice, the Court cannot review his unexhausted and precluded claims.

**IT IS THEREFORE RECOMMENDED** that Michael Christopher Jensen's amended petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 23rd day of September, 2015.

_____
David K. Duncan
United States Magistrate Judge