IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Christopher Jensen, | No. CV-13-00136-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

In January 2013, Petitioner Michael Christopher Jensen filed a petition for writ of habeas corpus. (Doc. 1). Jensen filed an amended petition the following month and, after numerous extensions, Respondents filed their answer in August 2013. That answer argued "Some of Petitioner's Claims Are Procedurally Barred" and the claims which were not procedurally barred failed on their merits. (Doc. 23 at 15, 28). On September 23, 2015, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R&R") concluding all of Jensen's claims are procedurally barred. (Doc. 76 at 8). After repeated extensions, Jensen filed objections to the R&R asking the Court to "reject the R&R in its entirety." (Doc. 93 at 31). The Court will reject the R&R in large part but the petition will still be denied.

**BACKGROUND**

There is no dispute about the basic factual background of Jensen's petition. In brief, Jensen was indicted on one count of sexual conduct with a minor, one count of public sexual indecency to a minor, two counts of molestation of a child, and six counts

of sexual exploitation of a minor. (Doc. 20-1 at 4). Jensen proceeded to trial and at trial three of the sexual exploitation counts were dismissed but Jensen was convicted of the remaining seven counts. On direct appeal, Jensen chose to challenge only his convictions on the three sexual exploitation counts. Jensen argued there had been insufficient evidence to support those three counts. (Doc. 20-2 at 132). The Arizona Court of Appeals disagreed and affirmed the convictions. (Doc. 20-2 at 148). The Arizona Supreme Court denied review.

After his direct appeal failed, Jensen, through counsel, filed a petition for post-conviction relief. (Doc. 20-2 at 149). That petition argued Jensen's trial counsel had provided ineffective assistance of counsel by failing to:

> (1) meaningfully communicate with him; (2) properly investigate his case; (3) interview witnesses; (4) obtain documents; (5) subpoena witnesses until the trial was over; (6) file the appropriate motions that are minimally necessary to defend a case of the [sic] nature; (7) retain appropriate expert; and (8) present other meaningful information to the jury.

(Doc. 20-2 at 149). Jensen requested an evidentiary hearing to develop these theories. (Doc. 20-2 at 170). The court denied Jensen's petition without holding an evidentiary hearing. In doing so, the court stated Jensen's arguments were "interesting" but he had not supported them with evidence. (Doc. 21 at 108). The court concluded the petition failed "to include material issues of fact or law which would entitle [Jensen] to a hearing or relief, and . . . no purpose would be served by any further proceedings." (Doc. 21 at 108). Jensen filed a petition for review with the Arizona Court of Appeals raising the same arguments. (Doc. 21 at 88). The appellate court summarily denied review. (Doc. 21 at 72). Jensen sought review by the Arizona Supreme Court but it, too, denied review. (Doc. 21 at 54, 52). Jensen then filed the present petition.

There has been substantial confusion regarding the claims Jensen is attempting to pursue in his federal petition. The Court previously interpreted the petition as raising three claims: one due process claim based on the state post-conviction court failing to grant Jensen an evidentiary hearing on his ineffective assistance of counsel ("IAC")

claims and two claims presenting different IAC theories. (Doc. 11 at 2). In answering the petition, Respondents presented a similar view of the claims presented. (Doc. 23 at 12-13). In particular, Respondents argued there was a claim regarding the denial of an evidentiary hearing and various IAC claims. The IAC claims "largely mirror[ed]" the IAC claims asserted in Jensen's state post-conviction proceedings but there were a few IAC-related arguments Jensen asserted in his federal petition which he had not raised earlier. (Doc. 23 at 14). Respondents also argued the federal petition contained separate claims asserting some sort of denial of due process based on trial counsel's failure to make certain arguments. (Doc. 23 at 19). According to Respondents, the evidentiary hearing claim, some of the IAC theories, and the due process claim were procedurally defaulted. (Doc. 23 at 14). Respondents conceded, however, that some of the IAC theories were properly exhausted and had to be reviewed on their merits. (Doc. 23 at 27-29). Despite Respondents' concession that some aspects of the petition had been exhausted, the R&R concluded otherwise.

The R&R began by stating the refusal by the state court to hold an evidentiary hearing was a "procedural decision" that could not serve as the basis for federal habeas relief. (Doc. 76 at 5). Then, the R&R concluded *all* of Jensen's remaining claims were procedurally barred. Jensen filed objections to the R&R while Respondents did not.

**ANALYSIS**

**I.  Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). A district judge must review de novo the portions to which an objection is made but a judge need not review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[*D*]*e novo* review of factual and legal issues is required if objections are made, but not otherwise.") (quotation marks and citation omitted).

**II. Procedural Status of Claims**

Before reaching the merits of any of Jensen's claims, the Court must first determine the procedural status of each claim. Jensen's difficult-to-decipher allegations are not subject to obvious classification into discrete claims. The following characterization of his claims is based on Jensen's filings, Respondents' view of those filings, and the Court's own view of what Jensen is attempting to assert.

### A. Denial of Evidentiary Hearing

Jensen's petition includes a claim that the state post-conviction court's failure to hold an evidentiary hearing violated the "Due Process" and "equal protection" provisions of the "5th, 6th and 14th amendments." (Doc. 8 at 6). Respondents argue Jensen did not present this claim to the Arizona Court of Appeals. (Doc. 23 at 18). That is correct. The fact that Jensen presented this argument to the Arizona Supreme Court was not enough. *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (issue must be presented at every relevant level of state review). Therefore, Jensen procedurally defaulted this claim.

### B. Actual Innocence or Alibi Witnesses

Jensen appears to present two claims involving his innocence and alibi defense. Respondents describe these two claims as, first, a claim Jensen was denied his Sixth Amendment right to counsel because his attorney did not file a motion involving actual innocence and his purported alibi, and second, Jensen was denied due process because his alibi defense was not presented. (Doc. 23 at 19). Under these descriptions, these two claims are new. That is, Jensen did not present them in state court. While Jensen did pursue similar IAC claims, those claims are distinct and will be discussed below. Thus, Jensen procedurally defaulted these two claims.

### C. IAC Claims

Jensen presents eight ways his trial counsel provided ineffective assistance. (Doc. 8 at 7). These are the same theories he presented in his petition for post-conviction relief. The state trial court issued a written decision summarily rejecting all of them. Jensen then unsuccessfully sought review by the Arizona Court of Appeals and the Arizona Supreme Court. (Doc. 20-2 at 149); (Doc. 21 at 88); (Doc. 21 at 58). In their response to

Jensen's federal petition, Respondents conceded Jensen exhausted these, or substantially similar, IAC theories.[1] (Doc. 23 at 28). There is no indication this case is "exceptional" such that the Court should, sua sponte, determine these claims are procedurally defaulted. *See Zapien v. Martel*, 805 F.3d 862, 869 n.3 (9th Cir. 2015). Therefore, the Court will examine the merits of these claims under the appropriate standard of review.

**III. No Basis to Excuse Procedural Default**

Jensen has three procedurally defaulted claims and he has not identified any basis to excuse their default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (federal review of defaulted claim precluded absent showing of cause and prejudice). Importantly, Jensen cannot take advantage of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), regarding what may be viewed as his defaulted IAC claim.[2] Under *Martinez*, Jensen could excuse the procedural default of his IAC claim only by showing his post-conviction relief counsel was ineffective *and* the "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say . . . the claim has some merit." *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014) *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015). But the claim that Jensen's trial counsel was ineffective because he did not file a motion regarding actual innocence or an alibi is not meritorious. Given the evidence at trial, the failure to file such a motion did not fall below an objective standard of reasonableness. Moreover, Jensen has not established he suffered prejudice as a result of his counsel's failure to file a futile motion. *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, the defaulted IAC claim, as well as the evidentiary hearing claim and due process claim, are procedurally defaulted and do not provide a basis for relief.

---

[1] While Jensen's filings in state court did reference these theories, there may be grounds to question whether he adequately argued each theory in that his state court filings do not always reference federal law in support of his theories. However, given Respondents' concession on exhaustion, the Court need not address this issue.

[2] Respondents argue Jensen cannot take advantage of *Martinez* because *Martinez* requires the claim that post-conviction relief counsel was ineffective have been exhausted in state court. (Doc. 23 at 21). Under present Ninth Circuit law, that is incorrect. *Dickens v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) (en banc).

**IV. Merits of Claims**

Respondents concede the Court must review the merits of various theories of IAC which Jensen properly exhausted. That merits analysis, however, is subject to very strict limitations. Under the extremely deferential standard of review, Jensen is not entitled to relief.

**A. Standard of Review and Limitation on Evidence**

Jensen's exhausted claims are subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, "[t]he pivotal question is whether the state court's application of the Supreme Court precedent was unreasonable, as opposed to merely incorrect or erroneous." *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013) (quotation marks and citations omitted). This is a deferential standard that requires a federal court grant relief only where the state court decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Etherton*, No. 15-723, 2016 WL 1278478, at \*2 (U.S. Apr. 4, 2016) (citation omitted).

For IAC claims, the standard of review gets ratcheted up even more. That is, the normal requirement to prevail on an IAC claim is establishing counsel "fell below an objective standard of reasonableness" *and* counsel's performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). This standard "is a most deferential one." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). When a state court has reviewed and rejected IAC claims, federal review of those claims "is doubly deferential because counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Woods*, 2016 WL 1278478, at \*2. Thus, "the question is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied" the standard for effective assistance of counsel. *Harrington*, 562 U.S. at 105. Finally, in conducting this extremely circumscribed review, the federal court is limited to the evidence presented to the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B. State Court's Rulings Were Not Unreasonable**

Jensen's numerous theories of IAC require a review of the evidence presented at trial as well as during post-conviction proceedings. Jensen's theories, however, are often contrary to what happened at trial. For example, Jensen faults his attorney for not pursuing an alibi defense regarding certain charges, even though some evidence of his purported "alibi" was presented and discussed at trial. (Doc. 23 at 30-31). Jensen also faults his attorney for not cross-examining a witness on certain subjects. But that witness *was* cross-examined about some of those subjects. (Doc. 23 at 34). Any failure to cross-examine that witness further can easily be ascribed to trial strategy.

Beyond the IAC theories explicitly contradicted by the record, most of the remaining IAC theories are either not explained or not supported sufficiently to provide a basis for relief. For example, Jensen alleges his attorney failed to "meaningfully communicate with him." But Jensen does not explain this alleged communication breakdown or how, but for that breakdown, the result of the trial would have been different. Jensen also claims his attorney should have obtained documents before trial or called an expert during trial. But the documents would not have exonerated Jensen and there is no clear explanation how the failure to call an expert materially affected Jensen's defense. Thus, even if the Court were to assume Jensen's trial counsel *should* have obtained the documents or called an expert, Jensen has not established he suffered prejudice as a result.

Finally, the IAC theories which are not directly contradicted by the record, are not convincing. Jensen has not established the state court was objectively unreasonable in rejecting his various IAC claims. Based on the doubly deferential standard the Court must apply, Jensen's exhausted claims fail.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 76) is **REJECTED as set forth above**.

**IT IS FURTHER ORDERED** the Amended Petition for Writ of Habeas Corpus

(Doc. 8) is **DENIED**.  The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** a certificate of appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of some of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 9th day of May, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge